JUSTICE TRIEWEILER
concurring in part and dissenting in part.
I concur with the majority’s conclusions under Issues I and II that the District Court’s findings were not clearly erroneous and that the District Court correctly applied the provisions of the Age Discrimination in Employment Act.
I dissent from that part of the majority opinion which holds that plaintiff cannot recover separately under Montana’s Wrongful Dis *256 charge From Employment Act and the Federal Age Discrimination in Employment Act, even though the factual basis for recovery under each Act is separate and distinct.
The majority relies on § 39-2-912, MCA, of Montana’s Wrongful Discharge From Employment Act which provides:
This part does not apply to a discharge:
(1) that is subject to any other state or federal statute that provides a procedure or remedy for contesting the dispute.
In this case, plaintiff alleged two separate and independent reasons why her termination from employment was unlawful. She alleged that she was terminated because of age discrimination which was a violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 through 634. However, she also alleged that she was terminated in violation of her employer’s own written supervisor’s manual which included the company policies regarding termination. That policy required oral warnings, a written reprimand, and supervised probation. The District Court, in its Finding of Fact No. 36, specifically found that “[djefendant Bank’s termination of Ms. Tonack was also in violation of its written personnel policy set forth within the ‘supervisor’s manual.’ ”
Under Montana law a discharge is wrongful if “the employer violated the express provisions of its own written personnel policy.” Section 39-2-904(3), MCA. However, there is no other state or federal statute that has been brought to this Court’s attention which provides a procedure or remedy for termination that is wrongful on that basis. The plaintiff’s claim under federal law was based on termination because of her age. Therefore, I would conclude that § 39-2-912, MCA, does not apply and did not bar the District Court’s entry of judgment under both the Federal Age Discrimination in Employment Act, and the Montana Wrongful Discharge from Employment Act.
I agree with the prior decisions of the Federal District Court for the District of Montana in Vance v. ANR Freight Systems, Inc. (D. Mont. 1990), Doc. No. CV-90-120-GF, 9 Mont. Fed. Rpts. 36, and Higgins v. Food Services of America, Inc. (D. Mont. 1991), Doc. No. CV-90-51-M-CCL, 9 Mont. Fed. Rpts. 529. In Vance, the Federal District Court held that:
[WJhere a discharge from employment may be violative of a state or federal law prescribing discrimination, the affected employee is not precluded from pursuing relief under the Montana Wrongful Discharge From Employment Act if the employee can sustain his *257 burden of proof in establishing the factual predicate necessary to establish a claim for relief under the Act.
... [Wjhere the factual predicate upon which the affected employee bases his claim under the Act is distinct from the factual predicate upon which the affected employee might otherwise base a claim under state or federal law prohibiting discrimination, he is not precluded from seeking redress under the Act.
Vance, 9 Mont. Fed. Rpts. at 39-40.
In Higgins, under facts similar to these, the Federal District Court recognized that a federal claim based on discrimination does not preclude a state claim under Montana’s Wrongful Discharge From Employment Act for a violation of written personnel policies. Again, the rationale was that each cause of action is based on a distinct and separate factual basis.
In this case, there was no federal or state statutory claim allowing recovery by the plaintiff for termination in violation of the employer’s written personnel policies. Therefore, § 39-2-912, MCA, did not apply. For these reasons, I dissent from that part of the majority opinion which holds otherwise. I would affirm the District Court judgment in its entirety.